11-3971                                                    BIA
Du  v. Holder                                    Van Wyke, IJ
A089 253 759

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER
FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF
APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER
IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN
ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY
ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of August, two thousand thirteen.

PRESENT:
> JON O. NEWMAN,
> ROSEMARY S. POOLER,
> BARRINGTON D. PARKER,
> > *Circuit Judges.*

_____

QI CHAO DU,
> *Petitioner,*

v.                                              11-3971

                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            Feng Li, Moslemi and Associates,
                           Inc., New York, N.Y.

FOR RESPONDENT:            Stuart F. Delery, Acting Assistant
                           Attorney General; Paul Fiorino,
                           Senior Litigation Counsel; Franklin
                           M. Johnson, Jr., Trial Attorney,
                           Office of Immigration Litigation,
                           United States Department of Justice,
                           Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Qi Chao Du, a native and citizen of the People's Republic of China, seeks review of a September 7, 2011, order of the BIA affirming the June 22, 2010, decision of Immigration Judge ("IJ") William Van Wyke, which denied his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qi Chao Du*, No. A089 253 759 (B.I.A. Sept. 7, 2011), *aff'g* No. A089 253 759 (Immig. Ct. N.Y. City June 22, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and BIA's decisions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008).

For asylum applications such as this one, governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or

2

responsiveness," the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam). We "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

In this case, the IJ reasonably based his adverse credibility determination pertaining to Du's past persecution claim on inconsistencies between Du's testimony and submitted materials, and on the implausible and inconsistent nature of certain aspects of the testimony. First, although Du testified that his church ceased to meet following his December 2006 arrest, a December 2007 letter from the "person in charge" of the church neither mentioned the arrest nor suggested that the church had ceased to meet. Second, during the merits hearing, Du initially testified that he learned that the church no longer met when he simultaneously encountered the two members he had been arrested with, but then he changed his testimony, stating

3

that he encountered them separately.  Where, as here, an inconsistency is dramatic, the agency may rely on it without first soliciting an explanation from the applicant.  *See Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir. 2005).  Third, although Du alleged that the police frequently visited his house following his arrest, his mother's letter made no mention of such visits, even though she stated that he was required to report to the police station regularly.  Fourth, the IJ reasonably concluded that it was implausible for a senior member of a longstanding illegal church to send Du and two others to hand out flyers, even though they had never done it before, without instruction or advance planning, as Du described in his merits hearing testimony.  *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007) (per curiam) (where "the reasons for [the IJ's] incredulity are evident," the implausibility finding is supported by substantial evidence).  Moreover, even assuming this particular finding was speculative, there are sufficient other grounds to support the adverse credibility determination.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 (2d Cir. 2006).

4

Additionally, the IJ reasonably determined that Du had not demonstrated a well-founded fear of future persecution. The IJ correctly noted that Du provided no evidence that underground church members are commonly persecuted in China generally or in his home province, and Du conceded that, besides the alleged December 2006 incidents, no member of his church has ever been arrested or persecuted. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam) (a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best").

Accordingly, because the agency did not err in finding that Du failed to demonstrate either past persecution or a well-founded fear of persecution, it reasonably denied him asylum and withholding of removal as those claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Du does not challenge the agency's denial of CAT relief.

5

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, and Du's pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk